UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON MARK HART,

                Plaintiff,

    v.

CAMDEN CROUSE, et al.,

                Defendants.

CASE NO. 2:25-CV-00488-KKE-DWC

REPORT AND RECOMMENDATION

Noting Date: May 8, 2025

      This prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 has been referred to United States Magistrate Judge David W. Christel. Plaintiff Jason Mark Hart, proceeding *pro se*, paid the filing fee and filed a civil rights complaint alleging constitutional violations occurring from 2019 until 2021. Dkt. 5. Currently before the Court is Plaintiff's response to an order directing him to show cause why his claims are not untimely and barred under the applicable statute of limitations. Dkt. 8 (show cause order); Dkt. 10 (Plaintiff's response). Upon review, the undersigned finds Plaintiff's claims are time barred and recommends this action be dismissed for failure to state a claim.

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Plaintiff, an inmate currently confined at Washington State Penitentiary, filed this action in March 2025, challenging the conditions of confinement at Monroe Correctional Complex ("MCC"). Dkt. 5 at 4–8. Plaintiff organizes his claims into three separate counts, each similarly alleging that, from 2019 until 2021, MCC correctional staff violated the Eighth Amendment to the United States Constitution by causing Plaintiff to engage in self-harm or by failing to prevent him from doing so. *Id.* According to Plaintiff, he was diagnosed with Chronic Traumatic Encephalopathy ("CTE") and other brain injuries in 2024, which he attributes to the self-harm allegedly caused and/or impermissibly tolerated by MCC staff. *Id.* Plaintiff seeks $50 million in damages. *Id.* at 9.

On April 8, 2025, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915A, declined to serve the complaint, and directed Plaintiff to show cause why his claims should not be dismissed as untimely and barred under the applicable statute of limitations. Dkt. 8. Plaintiff filed a response to the show cause order, which is now ready for consideration by the Court. Dkt. 10.[1]

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

---

[1] Plaintiff also filed a motion requesting that the Court expedite resolution of his response to the show cause order. Dkt. 11. As stated below, the undersigned recommends this motion be denied as moot.

REPORT AND RECOMMENDATION - 2

who is immune from such relief." 28 U.S.C. § 1915A(b); see 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III. DISCUSSION

The Court previously outlined the law regarding limitations periods and tolling doctrines for 42 U.S.C. § 1983 actions filed in the State of Washington:

> The Civil Rights Act of 1871 does not include a provision limiting the time in which a § 1983 civil rights action must be brought. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In the absence of an explicit statutory limitations period, federal courts look to the law of the forum state to determine the limitations period applicable to § 1983 actions.[2] *Montgomery v. West*, No. 23-15728, 2024 WL 2843637, at *1 (9th Cir. June 5, 2024). Under Washington law, Plaintiff had three years from the date his conditions of confinement claims accrued to file a § 1983 action. *See* Wash. Rev. Code § 4.16.080(2); *Rose*, 654 F.2d at 547 (three-year statute of limitations applies to § 1983 claims arising in Washington State).
>
> While the duration of the limitations period is derived from state law, federal law determines when a claim accrues. *See W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000); *Norco Construction, Inc. v. King County,* 801 F.2d 1143, 1145 (9th Cir. 1986). A § 1983 claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761–62 (9th Cir. 1991) (quotations and citations omitted). "[A]s long as a plaintiff has notice of the wrongful conduct, it is not necessary that [they] have knowledge of all the details or all of the persons involved in order for [their] cause of action to accrue." *W. Ctr. For Journalism*, 235 F.3d at 1157 (quotations and citations omitted). Subsequent effects or consequences

---

[2] Ordinarily, the statute of limitations is affirmative defense raised by an opposing party; even so, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

REPORT AND RECOMMENDATION - 3

of alleged constitutional violations do not impact the accrual of a § 1983 claim. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("[T]his court has repeatedly held that a mere continuing *impact* from past violations is not actionable.") (internal citations and quotations omitted) (emphasis in original).

The final step in determining whether a § 1983 claim is time barred is application of statutory and equitable tolling. The Court looks to the law of the forum state to determine whether the time for filing a § 1983 action has been tolled. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Washington law allows for statutory tolling in various circumstances. *See, e.g.*, Wash. Rev. Code. § 4.16.190 (statute tolled by personal disability including confinement in pretrial detention); Wash. Rev. Code. § 4.16.200 (statute tolled by death); Wash. Rev. Code. § 4.16.220 (statute tolled in connection with United States military service). Equitable tolling is available in Washington "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Washington state courts apply equitable tolling "sparingly" and do not permit equitable tolling of claims that are untimely because of a plaintiff's "garden variety" excusable neglect. *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted); *see also Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019) ("The doctrine [of equitable tolling] is not available to avoid the consequence of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights.").

Dkt. 8 at 3–4 (footnote in original).

In his complaint, Plaintiff alleges that, from 2019 until 2021, various members of MCC correctional staff violated the Eighth Amendment's prohibition on cruel and unusual punishment by engaging in harassment that caused Plaintiff to self-harm (Counts I and III) and by failing to prevent Plaintiff from engaging in self-harm (Count II). Dkt. 5 at 4–8. Given the nature of his allegations, Plaintiff either knew or had reason to know of the constitutional violations forming the basis of this action as they occurred. In other words, because Plaintiff experienced the correctional staff's alleged unconstitutional acts and failures to act in real time, his § 1983 claims concerning those actions accrued in 2019 through 2021. The applicable limitations period expired three years after Plaintiff's claims accrued, so the deadline for Plaintiff to file a timely § 1983 action expired not later than 2024. Because Plaintiff did not file this action until March

REPORT AND RECOMMENDATION - 4

2025, his § 1983 claims are time barred and subject to dismissal unless statutory or equitable tolling applies.

Plaintiff argues his claims should not be dismissed as time barred for several reasons. *See* Dkt. 10. In particular, Plaintiff argues he is entitled to equitable tolling because his CTE diagnoses was intentionally concealed from him until 2024. *Id.* at 1–3. As he was aware of the allegedly unlawful conduct giving rise to his § 1983 claims as this conduct occurred in 2019 through 2021, the date of when he discovered his CTE diagnoses is not significant. The fact Plaintiff may have been prevented from discovering a medical condition potentially stemming from that conduct does not excuse his delay in filing this § 1983 action. *See Knox*, 260 F.3d at 1013. Therefore, Plaintiff's argument that, absent the alleged intentional concealment of his CTE diagnosis, he would have filed this action earlier, does not excuse his failure to file this action before the applicable three-year limitations period expired.

Plaintiff next argues his claims are timely under the statute of limitations applied to medical malpractice claims filed in the State of Washington. Dkt. 10 at 1–2, 5–6. In Washington, actions for injuries resulting from healthcare or related services must be filed within "[1] three years of the act or omission alleged to have caused the injury or condition, or [2] one year of the time the patient…discovered or reasonably should have discovered that the injury or condition was caused by said act or omission, whichever period expires later." Wash. Rev. Code § 4.16.350(3). This limitations provision, however, does not apply to § 1983 claims even where those claims concern medical treatment in the prison setting. *See, e.g.*, *Bos. v. Kitsap Cnty.*, 852 F.3d 1182, 1185 (9th Cir. 2017) (applying Washington Revised Code § 4.16.080(2) to § 1983 claims concerning physical injuries and sufficiency of inmate health services).

REPORT AND RECOMMENDATION - 5

Finally, Plaintiff argues the limitations period should be tolled because various medical and mental conditions render him incompetent and unable to understand the nature of these proceedings. Dkt. 10 at 1–2, 4, 6. Under Washington law, a plaintiff arguing a personal disability tolled a statutory limitations period has the burden of demonstrating the disability existed at the time their cause of action accrued. Wash. Rev. Code § 4.16.190; *see also Rivas v. Overlake Hosp. Med. Ctr.*,164 Wash. 2d 261, 267, 189 P.3d 753, 755 (2008) ("A plaintiff…carries the burden of proof if he or she alleges that the statute was tolled and does not bar the claim.") (citing *Cannavina v. Poston,* 13 Wash.2d 182, 190–91, 124 P.2d 787 (1942)). Plaintiff does not meet this burden here. Instead, Plaintiff's filings thus far, even if prepared with the assistance of other inmates, demonstrate his understanding of the nature of this civil rights action despite any alleged mental and medical conditions. *See docket.* Plaintiff has also not provided allegations showing he was unable to initiate this case due to medical and mental conditions existing the time his § 1983 claims accrued in 2019 through 2021.

Accordingly, neither the allegations in the complaint nor Plaintiff's response to the show cause order demonstrate circumstances warranting application of statutory and equitable tolling doctrines. Therefore, the undersigned concludes this § 1983 action is untimely and barred under the applicable three-year limitations period.

### IV.  CONCLUSION

For the above stated reasons, the undersigned recommends this action be dismissed with prejudice for failure to state a claim upon which relief can be granted. Dismissal on the recommended grounds constitutes a "strike" under 28 U.S.C. § 1915(g). In addition, Plaintiff filed a "motion to expedite ruling on motion to show cause" on April 15, 2025, five days after filing his response to the show cause order. Dkt. 11. Having reviewed Plaintiff's response to the

show cause order and recommended dismissal, the undersigned further recommends the motion to expedite (Dkt. 11) be denied as moot.

Objections to this Report and Recommendation, if any, should be filed with the Clerk not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 8, 2025**.

Dated this 23rd day of April, 2025.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7